**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3503
_____

KAREEM HASSAN MILHOUSE,
                                        Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-16-cv-00618)
District Judge:  Honorable Sylvia H. Rambo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 21, 2017

Before: GREENAWAY, JR., GREENBERG and ROTH, Circuit Judges

(Opinion filed: November 8, 2017)
_____

OPINION*
_____

PER CURIAM

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Kareem Hassan Milhouse appeals the District Court's order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. For the reasons below, we will affirm the District Court's order.

In his petition, Milhouse challenged disciplinary proceedings which resulted in the loss of 68 days of good conduct time.[1] He had been charged with possession of a weapon and destroying Government property, namely a mattress. He argued that there was insufficient evidence to support the charges. He asserted that the damaged mattress had another inmate's name written on it in black marker and that the homemade knife was found in a separate mattress on the top bunk of a shared cell. The District Court dismissed the petition before service, and Milhouse filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the District Court's denial of federal habeas relief de novo. Denny v. Schultz, 708 F.3d 140, 143 (3d Cir. 2013). A decision to revoke good time credits must be supported by some evidence. Superintendent v. Hill, 472 U.S. 445, 454 (1985). This "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 455-56.

---

[1] According to the electronic docket of the United States District Court for the Eastern District of Pennsylvania, Millhouse is serving a prison sentence of 894 months for bank robbery and firearm charges. He also has a consecutive sentence of 300 months for aggravated sexual assault, sexual abuse, assault, escape, and possession of a dangerous weapon in a federal facility. Given that he has sentences totaling almost one hundred years, the loss of 68 days would appear to have little practical effect on the total sentence he will serve.

In finding that Milhouse committed the charges, the Hearing Officer relied on the written report of the officer who performed the cell search and photographs of the knife and the damaged mattress. We have held that the discovery of contraband within a shared cell constitutes "some evidence" that each prisoner in the cell possessed the contraband. Denny, 708 F.3d at 146. Thus, the discovery of the knife in Milhouse's cell supports the Hearing Officer's conclusion that Milhouse possessed the weapon. As for his mattress, Milhouse did not dispute that it was damaged; rather, he asserted that he received it that way. The Hearing Officer gave greater weight to the institution's procedure to issue unaltered bedding to inmates. Thus, there was also some evidence that Milhouse had damaged his mattress.

Milhouse requests that we consider documents he attached to a motion to reopen filed pursuant to Fed. R. Civ. P. 60(b). However, this motion was filed after he filed this appeal. These documents were not before the District Court when it entered its decision, and we may not consider them. See Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir.1986) ("The only proper function of a court of appeals is to review the decision below on the basis of the record that was before the district court."). Moreover, those documents do not undermine our conclusion that some evidence supports the Hearing Officer's decision.

For the above reasons, we will affirm the District Court's decision.